## SEELEY vs. EVANS.

The marine court of the city of New-York has jurisdiction of an action of debt, on a bond taken in that court from a surety for the appearance of a defendant on a day to which the trial of a cause is adjourned at his request, although the penalty of the bond exceed $100, the ordinary limitation of the jurisdiction of the court.

If the trial of the cause on the adjourned day be postponed by the court on its own motion to a future day, the defendant must appear, and that in person on such postponed day, or the bond of his surety will be forfeited; his appearance on the day to which the cause was first adjourned, is no defence.

The plaintiff in such case is not bound to pursue his remedy against the principal before resorting to the surety.

ERROR from the superior court of the city of New-York. Evans sued Seeley in the marine court of the city of New-

York, and declared *in debt* upon a bond in the penalty of $1000, bearing date the 25th April, 1836, executed to him by the defendant. The bond recited that a suit had been instituted in the marine court by Alexander Evans against William Day, in a plea of trespass, assault and battery; that the same had been adjourned on the prayer of Day, until the 27th day of April; and was *conditioned* for the personal appearance of Day on the 27th day of April, and *in* default of his appearance, that the *obligor* would pay the debt or damages and costs if judgment should be given against Day. On the 27th day of April, Day *appeared in court*, but another cause being on trial, *the court* on its own motion adjourned the trial of the cause of Evans against Day until the 29th day of April; on which day the defendant Day appeared by attorney, but *not in person*. The cause was tried and a verdict found for the plaintiff, against Day for $200; for which sum and the costs of suit, judgment was rendered. The declaration in the suit of Evans against Day, was for divers assaults and batteries committed on the high seas and in foreign ports and places. On these facts the marine court rendered judgment against Seeley for the amount of the recovery against Day, together with the costs of the suit against Seeley; which on *certiorari* was affirmed by the superior court of the city of New-York. Whereupon Seeley removed the record into this court by writ of error.

The counsel for the plaintiff in error insisted, 1. That the marine court had not jurisdiction to render a judgment in an *action of debt* for a sum exceeding $100; 2. That the obligation of the *surety* was discharged by the appearance of Day on the *twenty-seventh* day of April; and 3. That the plaintiff was bound to issue an execution and use all legal means to obtain satisfaction from the *principal* before resorting to the surety.

*Harned & Burlock*, for the plaintiff in error.

*Burr & Benedict*, for the defendant in error.

*By the Court*, BRONSON, J. The *marine court* of the city of New-York (formerly called the *justice's court*) by the act of 1813, had jurisdiction to hear, try and determine all actions of *debt*, &c. wherein the sum or balance due, or thing demanded, was over twenty-five and did not exceed fifty dollars. 2 R. L. 381, § 105, 106. Statutes, sess. of 1819, p. 74, § 1. This jurisdiction was afterwards extended to cases where the sum or thing in demand does not exceed one hundred dollars. Statutes, sess. of 1817, p. 288. By the 106th section of the act of 1813, 2 R. L. 381, the court also has jurisdiction in actions of *assault and battery committed on the high seas or in any foreign port, without limitation as to the amount of damages*. On granting adjournments, the court has power to take security for the appearance of the party, § 123, 124, 127; and the 148th section provides, that the court *shall have cognizance of suits on surety bonds taken in the said court*. Although in other actions of debt, the jurisdiction of the court is limited to one hundred dollars, there can be no doubt that the court has cognizance of actions upon *surety bonds* which it has taken, although the amount which the plaintiff is entitled to recover exceeds the sum of one hundred dollars. The plaintiff in error seems to suppose that notwithstanding the court had *cognizance* of the action, it had no power to *render judgment*. There is nothing in the objection.

The defendant in the original action did not appear in person on the 29th, when the cause was tried, but he did so appear on the day mentioned in the bond; and the question is, whether this compliance with the letter of the condition discharged the surety from all further obligation. *Appearance* in the law has several significations, and the word must always be understood in reference to the particular business or subject matter to which it relates. In some cases it means to appear in person, in others by attorney. Sometimes an obligation to appear can only be satisfied by actually coming into court, while in others it will be sufficient to put in special bail or enter an appearance in the common rule book. In one case it may be necessary for the party to appear on the specified day, while in another

NEW-YORK,
May, 1838.

Seeley
v.
Evans.

it will be sufficient if done within ten or twenty days there-after. The purpose or end to be answered by the appearance, is also important. In most if not all cases where a party is bound to a personal appearance in court to answer any charge or action brought against him, he must not only appear, but must remain in court until discharged by due course of law ; and how long he must attend depends on the nature of the proceeding and the course and practice of the court. In this case Day was brought into court on a *warrant*, in an action where execution might immediately follow the judgment, and on which he might be imprisoned. § 135, 137. If there had been no adjournment, he would have remained in custody of the officer until discharged by the court. § 128. On asking further time, he was required to give security for his *personal* appearance on the adjourned day, or in default to pay any judgment that might be recovered. § 123. The object of requiring a personal appearance was, that he might be in court to satisfy the judgment, and if not paid, that he might be taken in execution. He was not required to be there for the purpose of examining the witness, or doing any other act connected with the trial. That might as well be done by attorney, or it might be omitted altogether. The plaintiff could not complain of being suffered to proceed without opposition. The security which he desired was, that the defendant should be in court to answer the judgment. If he had merely come *into court and then departed the next minute, or at any other* period before judgment, it cannot be pretended that the obligation of the bail would be discharged.

But it is said that a further adjournment was ordered to the 29th April, and that the surety was not answerable for the appearance of Day at that time. There would perhaps have been force in the objection if the plaintiff had asked an adjournment ; but it was a mere postponement of the trial by order of the court to the next jury day, for the reason that the court was then engaged in the trial of another cause, and had no time to try this. The order seems to have been made according to the course and practice of the court and no objection to its validity has been suggested.

When Day came into court on the 27th, he was bound to remain until discharged by due course of law. If the cause could not be tried at the hour assigned, or not until the next day, the defendant was still bound to give attendance. To give a more limited effect to the bond, would be to defeat the object for which it was taken. In addition to this view, the 148th section seems applicable to the question. It provides that all bonds taken on the adjournment of any case, shall be considered good and valid against the obligor, although subsequent adjournments are had after the execution of the bond. I know not what can have been the object of the provision, unless it was made for the purpose of removing the doubt which has been suggested in this case.

The plaintiff below was not bound to pursue his remedy against Day before resorting to the surety. The undertaking of the plaintiff in error, in case Day made default, was absolute, to pay the debt or damages and costs which should be recovered.

Judgment affirmed.